# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BARTOSZ GRABOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17cv 5069 |
| | ) | |
| v. | ) | |
| | ) | |
| DUNKIN' BRANDS, INC. | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Bartosz Grabowski, individually and on behalf of all others similarly situated, by his attorneys, complains against Defendant Dunkin' Brands, Inc. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action lawsuit against Defendant pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA"), and common law, based on Defendant's false and misleading business practices with respect to the marketing and sale of its "Glazed Blueberry" donuts or munchkins, "Blueberry Butternut" donuts, "Blueberry Crumb Cake" donuts, and (collectively, "Blueberry Products" or "Products") at Dunkin' Donuts company and franchise stores.

2. At all relevant times, Defendant has formulated, manufactured, marketed, and sold the Blueberry Products under the descriptive product names "Glazed Blueberry" donuts or munchkins, "Blueberry Butternut", and "Blueberry Crumb Cake", with imitation blueberries that highly resemble actual blueberries due to their round shape and blue color.

3. However, unbeknownst to consumers, the Blueberry Products uniformly do not contain any blueberries.

4. Plaintiff and other consumers purchased the Blueberry Products, reasonably relying on Defendant's deceptive representation about them, and believing that each of the Products contained blueberries. Had Plaintiff and other consumers known that the Products did not contain blueberries, they would not have purchased the Blueberry Products or would have paid significantly less for the Products. Therefore, Plaintiff and consumers have suffered injury in fact as a result of Defendant's deceptive practices.

5. Plaintiff brings this class action lawsuit on behalf of himself and all others similarly situated. Plaintiff seeks to represent the Class defined infra in paragraphs 28 (the "Class").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Class is in excess of $5,000,000, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Class, which total more than 100 class members, are citizens of states different from the state of Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in Illinois or otherwise intentionally did avail itself of the markets within Illinois, through its sale of the Products in Illinois and to Illinois consumers.

8. Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(l) because Defendant regularly conducts business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

PARTIES

9. Plaintiff Bartosz Grabowski is a citizen of Illinois, residing in Cook County. On December 10, 2016, Plaintiff purchased a Glazed Blueberry donut from a Dunkin' Donuts store located at 1231 South Wabash in Chicago, Illinois. (Attached as Exhibit 1 is a copy of the receipt relating to that purchase.) Plaintiff purchased the donut, reasonably relying on the Defendant's representations about its Blueberry Products and believing that the donut he purchased contained blueberry, as Plaintiff would not have purchased Blueberry Products or would have paid significantly less for the Products had he known that they did not contain blueberry. Plaintiff therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein. After Plaintiff learned that the Blueberry Products do not contain blueberry, he ceased purchasing and consuming the Products, and retained counsel. Plaintiff is likely to purchase the Blueberry Products in the future if they each were reformulated to include their Premium Ingredients.

10. Defendant Dunkin' Brands, Inc. is a Delaware corporation qualified to transact business in Illinois. Defendant directly and/or through its agents, formulates, manufactures markets, distributes, and sells the Blueberry Products in Illinois. Defendant has maintained substantial distribution and sales in this District.

FACTUAL ALLEGATIONS

**A. Background**

11. At all relevant times, Defendant has formulated, manufactured, marketed and sold the Blueberry Products across Illinois and the United States. The Products are sold, inter alia, over the counter at Dunkin' Donuts company and franchise stores, in at least the following varieties:

3

      a. Glazed Blueberry (donuts or "munchkins")

      b. Blueberry Butternut (donuts); and

      c. Blueberry Crumb Cake (donuts).

12. Defendant markets and sells the Blueberry Products, inter alia, over the counter at its Dunkin' Donuts company and franchise stores. The donuts sold in-store by Defendant are displayed in trays on a wall behind the counter, along with a small placard in front of each tray that provides the name of the donut variety. No ingredients list is provided or available to customers in-store. The image below is an example of Defendant's in store display of its blueberry products:



13. Blueberries have the potential to limit the development and severity of certain cancers and vascular diseases, including atherosclerosis, ischemic stroke, and neurodegenerative diseases of aging. Research suggests that blueberries are one of the richest sources of antioxidant phytonutrients.

14. Consumers pay a premium price for the Blueberry Products. The Products are each considered "Assorted Variet[y]" products and are uniformly priced higher than the Original Glazed Donut.

### B. The Products do not contain Blueberry

15. Through its manufacturing, marketing, and sale of the Blueberry Products, Defendant has represented that the Blueberry Products contain actual blueberries. Defendant has named the Blueberry Products as "Blueberry Butternut", "Blueberry Crumb Cake", and "Glazed Blueberry", indicating that the Blueberry Products contain actual blueberries. Furthermore, the Blueberry Products contain imitation blueberries, apparent on the inside and outside of the donuts, that resemble, and in fact are specifically made to resemble, actual blueberries or pieces of actual blueberry due to their blue color and round shape.

16. Unbeknownst to Plaintiff and other consumers, the Blueberry Products do not contain actual blueberries.

17. Group Exhibit 2, Glazed Blueberry, Blueberry Butternut and Blueberry Crumb Cake contain Dunkin' Donuts' Nutritional Information & Ingredients sheets which list the specific ingredients for each of the Blueberry Products. Blueberry is not listed an in ingredient in any of the Products.

18. To the contrary, the Blueberry Products contain nutritionally inferior ingredients, such as sugar and corn syrup, along with gums and artificial food coloring used to mimic the texture, shape, and color of actual blueberries, and induce consumers into believing that the Products actually contain blueberry. For example, according to Exhibit 2, the Blueberry Products contain imitation blueberries (referred to as "flavor crystals" or "blueberry flavored bits" by Defendant) which are made from inferior and potentially harmful ingredients such as sugar, corn syrup, and Blue # 1. Due to their blue color and round shape, the "flavor crystals" and "blueberry flavored bits" are inserted strategically on the inside and outside of the Blueberry Products to induce unsuspecting consumers into believing that the Products contain

5

actual blueberries.

19. Defendant knew or should have known that each of the Products did not contain blueberries because Defendant and/or its agents formulated and manufactured each of the Products.

20. Defendant knew or should have known that Plaintiff and other consumers, in purchasing the Blueberry Products, would rely on Defendant's representations about the Products and would therefore reasonably believe that the Blueberry Products contain actual blueberries.

21. In reasonable reliance on Defendant's representations, and believing that the Blueberry Products contain actual blueberries, Plaintiff and members of the Class purchased the Products.

22. Plaintiff and members of the Class did not know, and had no reason to know, that the Products do not contain blueberries. The Blueberry Products sold in-store by Defendant are displayed in trays behind the counter, along with a small placard in front of each tray that provides the name of the donut variety. The Products appear as if they contain blueberry. Defendant does not provide consumers with access to information on what ingredients are contained in the Products at the point of sale. Even when consuming the Blueberry Products, Plaintiff and other consumers cannot easily decipher whether the filling or glazing they are consuming contains actual blueberries because Defendant has formulated and manufactured the Products in a manner that masks the absence of such ingredients. Furthermore, as evidenced by Exhibit 3, Blueberry Muffin, Strawberry Donuts and Apple Crumb, many of Defendant's other donuts contain the actual ingredient(s) advertised in their respective product names. For example, the "Blueberry Muffin" contains blueberries, "Strawberry" donuts contain strawberry

puree, and the "Apple Crumb" donuts contain evaporated (dried) apples. Therefore, Defendant was not only capable of formulating and manufacturing the Blueberry Products to include blueberry, but also was, or should have been, aware that the Blueberry Products did not contain blueberry and that its representations would deceive unsuspecting consumers.

23. The image below is an example of Defendant's in store displaying of its Blueberry Muffin which display is virtually identical to the image of the display of Glazed Blueberry donuts in Paragraph 12:



24. Because the Blueberry Products do not contain blueberry as represented by Defendant and reasonably expected by Plaintiff and consumers, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

25. Each consumer in the putative Class has been exposed to the same or substantially similar deceptive practice, as each of the Blueberry Products does not contain actual blueberry.

26. Plaintiff and other consumers have paid an unlawful premium for the Blueberry

7

Products. Plaintiff and other consumers would have paid significantly less for the Blueberry Products had they known that each of the Products did not contain blueberry as represented by Defendant. In the alternative, Plaintiff and other consumers would not have purchased the Blueberry Products at all had they known that the Products did not contain blueberry as represented by Defendant. Therefore, Plaintiff and other consumers purchasing the Blueberry Products suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

27. As a result of its misleading business practice, and the harm caused to Plaintiff and other consumers, Defendant should be required to pay for all damages caused to consumers, including Plaintiff. Furthermore, Defendant should be enjoined from engaging in these deceptive practices.

28. Despite being misled by Defendant, Plaintiff would likely purchase the Blueberry Products in the future if the Products were reformulated to include the premium characterizing ingredients.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons in Illinoi who within the relevant statute of limitations periods, purchased any of the Blueberry Products at a Dunkin' Donuts store (the "Class").

30. Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

31. Plaintiff is a member of the Class.

32. Numerosity: Defendant has sold tens of thousands of units of the Blueberry

Products. The Products are sold at hundreds of Dunkin' Donuts store locations in Illinois. Accordingly, members of the Class are so numerous that their individual joinder herein is impractical. While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

33. Common Questions Predominate: Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to, the following:

   a. Whether the Blueberry Products contain actual blueberries, as represented by Defendant;

   b. Whether Plaintiff and other consumers reasonably relied on Defendant's representations when purchasing the Products; and

   c. Whether Defendant has violated ICFA and common laws.

34. Typicality: Plaintiff's claims are typical of the claims of the Class he seeks to represent in that Plaintiff and members of the Class were all exposed to the same or substantially similar false and misleading representations, purchased the Products relying on the uniform false and misleading representations, and suffered losses as a result of such purchases.

35. Adequacy: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by the Plaintiff and his counsel.

36. Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Class. The size of each claim is too

small to pursue individually and each individual Class member will lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. The class action mechanism is designed to remedy harms like this one that are too small in value, although not insignificant, to file individual lawsuits for.

37. This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are generally applicable to the class members, thereby making final injunctive relief appropriate with respect to the Class.

38. This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Class predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## Violation of ICFA

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as Paragraph 39 of this Count I.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

41. At all relevant times, there was in full force and effect a statute in Illinois commonly known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et sq.* ("ICFA").

42. Section 2 of ICFA, 815 ILCS 505/2, provides, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby….

43. Plaintiff and other members of the Class are "consumers" within the meaning of ICFA.

44. Defendant engaged in trade and/or commerce within the meaning of ICFA.

45. At all relevant times, Defendant knew or reasonably should have known the material fact that each of the Blueberry Products did not contain actual blueberry.

46. Defendant intended for Plaintiff and other members of the Class to reasonably and justifiably rely on its fraudulent representations about the Blueberry Products in purchasing them.

47. ICFA provides a private right of action to any person "who suffers damage as a result of a violation of this Act committed by any other person." 815 ILCS 505/10a.

48. Plaintiff and members of the Class suffered injuries caused by Defendant because they would not have purchased the Blueberry Products or would have paid significantly less for the Products, had they known that Defendant's conduct was misleading and fraudulent.

## COUNT II
## Common Law Fraud

49. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as Paragraph 49 of this Count II.

50. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

51. Defendant has willfully, falsely, and knowingly formulated the Blueberry Products without the presence of actual blueberry. Contrary to their formulation, however, Defendant has intentionally represented that the Blueberry Products contain blueberry. Therefore, Defendant has made misrepresentations as to the Products.

52. Defendant's misrepresentations were material (*i.e.*, the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to the contents of the Products.

53. Defendant knew or recklessly disregarded the fact that the Blueberry Products did not in fact contain blueberry, as represented.

54. Defendant intended that Plaintiff and other consumers rely on these representations, as evidenced by the appearance of each of the Blueberry Products as well as Defendant's simple placard names for each of the Products, without further description of them. Furthermore, Dunkin' Donuts stores do not provide customers with a readily available list of ingredients for any of their products.

55. Plaintiff and members of the Class have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Blueberry Products and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

56. Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Blueberry Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## COUNT III
Intentional Misrepresentation

57. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as Paragraph 57 of this Count III.

58. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

59. Defendant has marketed its Blueberry Products in a manner indicating that the Products contain blueberry. However, the Products do not contain blueberry. Therefore, Defendant has made misrepresentations as to the Blueberry Products.

60. Defendant's representations regarding the Blueberry Products are material to a reasonable consumer because they relate to the content of the Products purchased by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

61. At all relevant times when such misrepresentations were made, Defendant knew that the representations were false and misleading, or has acted recklessly in making the representations and without regard to the truth.

62. Defendant intends that Plaintiff and other consumers rely on the representations made about the Blueberry Products, as evidenced by Defendant using the word "blueberry" in the names of the various Products and then making the Products appear to contain blueberry.

63.     Plaintiff and members of the Class have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Blueberry Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

64.     Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Blueberry Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## COUNT IV
### Negligent Misrepresentation

65.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as Paragraph 65 of this Count IV.

66.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

67.     Defendant has marketed its Blueberry Products in a manner indicating that the Products contain blueberry. However, the Products do not contain blueberry. Therefore, Defendant has made misrepresentations as to the Blueberry Products.

68.     Defendant's representations regarding the Blueberry Products are material to a reasonable consumer because they relate to the content of the Products received by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

69.     At all relevant times when such misrepresentations were made, Defendant knew

or has been negligent in not knowing that that the representations were false and misleading. Defendant has no reasonable grounds for believing its representations were not false and misleading.

70. Defendant intended and intends that Plaintiff and others consumers rely on the representations made about the Blueberry Products, as evidenced by Defendant using the word "blueberry" in the names of the various Products, and then making the Products appear to contain blueberry.

71. Plaintiff and members of the Class have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Blueberry Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

72. Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Blueberry Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### COUNT V
### Breach of Contract

73. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as Paragraph 73 of this Count V.

74. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

75. In purchasing the Blueberry Products, Plaintiff and members of the Class have

formed valid contracts that are supported by sufficient consideration, pursuant to which Defendant is obligated to provide Blueberry Products that contain actual blueberry.

76. Defendant materially breached its contracts with Plaintiff and members of the Class by selling Blueberry Products that do not contain actual blueberry.

77. As a direct and proximate result of Defendant's breaches, Plaintiff and members of the Class were damaged in that they received products with less value than the amounts paid. Moreover, Plaintiff and members of the Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Blueberry Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## COUNT VI
Quasi Contract/Unjust Enrichment/Restitution

78. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as Paragraph 78 of this Count VI.

79. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

80. As alleged herein, Defendant intentionally and recklessly made misleading representations about the Blueberry Products to Plaintiff and members of the Class to induce them to purchase the Products. Plaintiff and members of the Class have reasonably relied on the misleading representations and have not received all the benefits promised by Defendant. Plaintiff and members of the Class therefore have been induced by Defendant's misleading and false representations about the Blueberry Products, and paid for them when they would and/or should not have, or paid more money to Defendant for the Products than they otherwise would and/or should have paid.

81. Plaintiff and members of the Class have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the Class.

82. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Class – *i.e.*, Plaintiff and members of the Class did not receive the full value of the benefit conferred upon Defendant.

83. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Class back for the difference of the full value of the benefit compared to the value actually received.

84. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Class; and naming Plaintiff's attorneys as Class Counsel;

b. For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c. For an order finding in favor of Plaintiff, and the Class, on all counts asserted herein;

d. For an order awarding all compensatory and punitive damages, including under ICFA, in amounts to be determined by the Court and/or Jury;

e. For prejudgment interest on all amounts awarded;

f. For interest on the amount of any and all economic losses, at the prevailing legal rate;

g. For an order of restitution and all other forms of equitable monetary relief;

h. For injunctive relief as pleaded or as the Court may deem proper;

i. For an order awarding Plaintiff and all Class members their reasonable attorneys' fees, expenses and costs of suit, including as provided by ICFA; and

j. For such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ James X. Bormes
One of Plaintiff's attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 726-3400