**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BARTOSZ GRABOWSKI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 17-CV-5069 |
| v. | ) ) | |
| | ) | Hon. Samuel Der-Yeghiayan |
| DUNKIN' BRANDS, INC. | ) ) | Magistrate Judge M. David Weisman |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO
<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

Plaintiff, Bartosz Grabowski, individually and on behalf of all others similarly situated, by his attorneys, for his response to Defendant's motion to dismiss the Complaint, states as follows:

## I.    INTRODUCTION

Defendant, a publicly traded company, is the well-known seller of donuts, coffee and breakfast sandwiches with thousands of locations across the county, including hundreds of Illinois stores.  Defendant sells blueberry muffins made with blueberries.  Defendant sells strawberry donuts made with strawberries.  Defendant sells an apple crumb donut made with apples.

Unlike the food items listed above which contain the real fruit a reasonable consumer would believe is part of the product, Defendant sells a number of "blueberry" donuts which contain no blueberries.  Those products include a glazed blueberry donut or "munchkin", a blueberry butternut donut and a blueberry crumb cake donut.  Instead of being made with blueberries as a reasonable consumer would believe, Defendant has concocted "flavor crystals" or "blueberry flavored bits" which are comprised of sugar, corn syrup, gums and artificial food coloring to mimic the texture, shape and color of blueberries.  There is nothing in the store either by way of a

disclosure of the actual ingredients or by the way Defendant markets and sells these products that would alert a consumer that Defendant's blueberry products, excluding its blueberry muffin, are fake.

Defendant has moved to dismiss Plaintiff's six-count Complaint on the basis that the deceptive way it makes, markets and sells its fake blueberry products is permissible because Defendant's website reveals that the fake blueberry donuts contain no blueberries. In support of its argument, Defendant erroneously places great reliance on a recent opinion by Judge Feinerman in *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, No. 16 cv 5802, MDL 2705, 2017 WL 3642076 (N.D.Ill., Aug. 24, 2017) (herein, "*In re Parmesan*"). As Plaintiff explains in more detail below, Judge Feinerman's well-reasoned opinion holds that a reasonable consumer is allowed to rely on a product being what it purports to be without further inquiry unless there is some ambiguity as to what the product consists of. A clear example of that principle is that a consumer can reasonably believe that a grocer who displays a product it represents as being chicken and which looks like chicken is actually selling chicken. Here, there is no ambiguity in that Defendant sells "blueberry" donuts that contain no blueberries. Accordingly, the reasoning of *In re Parmesan* mandates denial of Defendant's motion to dismiss.

## II.    STATEMENT OF FACTS

The facts of this case are simple and straightforward. Defendant formulates and sells several of its products using names containing the word "Blueberry". (Compl., ¶ 2.) These products include Defendant's "Glazed Blueberry" donuts and munchkins, "Blueberry Butternut" donuts, and "Blueberry Crumb Cake" donuts (collectively, "Blueberry Products" or "Products"). However, unbeknownst to customers, the Blueberry Products do not contain any actual blueberries. (*Id.* at ¶¶ 3, 16-17, Ex. 2.) Defendant sells the Products in-store in display trays on a

wall behind the counter, along with a small placard in front of each tray that provides the name of the donut variety. (*Id*. at ¶ 12.) No ingredients list is provided or available to customers in store. (*Id*.) Defendant has the capability of formulating and manufacturing the Blueberry Products to include blueberry, but did not do so. (*Id*. at ¶ 22). Indeed, Defendant's Blueberry Muffins contain actual blueberries. (*Id*. at ¶¶ 22-23, Ex. 3). However, Defendant does not in any way distinguish between the items that contain actual blueberries and those that do not; both types of items are labeled using the word "blueberry", and the placards intended for customers to identify the various types of items do not in any way indicate that some products contain actual blueberry while others do not. (*See id*. at ¶¶ 12, 22-23.)

Plaintiff Grabowski purchased a Glazed Blueberry donut from Defendant's store located in Chicago, Illinois. (*Id*. at ¶ 9.) Plaintiff and similarly situated consumers, in reliance on Defendant's misrepresentations about the Products, paid a premium price for the Products which they would not have paid or possibly purchased had they known that the Products did not contain actual blueberry. (*Id*. at ¶¶ 9, 20-22, 24-26.) Accordingly, because Plaintiff expected to but did not receive actual blueberries in the Product purchased, Plaintiff filed the current Complaint alleging that Defendant's deceptive practices violate Illinois law.

Defendant does not deny that the Blueberry Products at issue do not contain actual blueberry. (*See generally* Def.'s Mem., Doc. No. 19.) Instead, Defendant argues that Plaintiff's claims should be dismissed based on reasons that are without merit, as will be discussed below.

## III. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *See Yeftich v. Navistar, Inc.,* 722 F.3d 911, 915 (7th Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss

for failure to state a claim upon which relief may be granted, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal,* 556 U.S. at 678).

A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To do so, the plaintiff must "plead[] facts that make the allegation of fraud plausible." *United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.,* 772 F.3d 1102, 1106 (7th Cir. 2014). More specifically, the complaint must allege "the 'who, what, where, when and how' of the alleged misrepresentations." *Ulrich v. Probalance, Inc*., No. 16-CV-10488 (N.D.Ill. Aug. 18, 2017) (Alonso, J.) (quoting *Bank of Am., Nat. Assn, v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)). "However, Rule 9(b) permits '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally'"; that is, allegations of intent or other mental states need only meet the plausibility standard set by Rule 8 and described in *Twombly* and *Iqbal,* not Rule 9(b)'s higher particularity standard." *Id*. (citing *Iqbal,* 556 U.S. at 686-87).

## IV.   ARGUMENT

Defendant makes nine separate arguments in support of its motion to dismiss Plaintiff's Complaint. Because each of these arguments is without merit, Defendant's motion should be denied in its entirety.

### A.     A Reasonable Consumer Would be Deceived by Defendant's Products

Defendant first argues that no reasonable consumer would be deceived by the Products at issue.  Before turning to the merits of Defendant's argument, it must be noted that courts have held that typically, the inquiry of whether a reasonable consumer would be deceived is not appropriately resolved on a motion to dismiss.  *See Biffar v. Pinacle Foods Group, LLC*, No. 16-0873-DRH, 2016 WL 7429130 (S.D.Ill. Dec. 22, 2016) ("Whether a reasonable consumer would be deceived by a product label or a reasonable consumer's understanding of the term 'artificial' are questions of fact that cannot be resolved on a motion to dismiss."); *see also*, *Ibarrola v. Kind, LLC*, 83 F.Supp.3d 751, 756 (N.D.Ill. 2015) ("Although ICFA claims often involve disputed questions of fact not suitable to a motion to dismiss, a court may dismiss the complaint if the challenged statement was not misleading as a matter of law."); *Williams v. Gerber Products Co*., 552 F.3d 935, 938 (9th Cir. 2008) ("California courts, however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer.")

Turning to the merits of Defendant's argument, Defendant goes to great lengths arguing that the Products are not misleading because they have a blueberry <u>taste</u>.  However, if Defendant was attempting to sell the Products based on taste, it could have easily made such a distinction in the name of the Products.  For example, Defendant could have labeled the donut Plaintiff purchased as a "blueberry flavored" donut or market it as tasting just like a donut made with blueberry.  Defendant chose not to do so.  Instead, it intentionally marketed and sold the Products using the misleading name of "Blueberry" to induce consumers into believing the Products they were purchasing contained actual blueberries.

The following example reveals the fallacy of Defendant's argument.  Consider a butcher who displays a product he labels as hamburger and which looks and tastes like hamburger but

actually contains no beef. Under Defendant's theory, that butcher would not be engaged in deceptive conduct as long as its website disclosed that its "hamburger" product contains no beef. Neither *In re Parmesan* nor any other decision Plaintiff is aware of supports such a theory. Because of Defendant's deception, a reasonable consumer would assume that Defendant's use of the term "Blueberry" was meant to describe the Product's contents, not their taste. This deceptive conduct violates ICFA.

Defendant also argues that because the Products' ingredients are disclosed on Defendant's website, this is sufficient to inform Plaintiff and other consumers that the Products do not contain actual blueberries. [1] This argument also fails. Plaintiff purchased the blueberry donut at issue in person at Defendant's store in Chicago, Illinois. As Defendant concedes, the ingredient list for the Product was not disclosed in-store; instead, it was available only through Defendant's website. Thus, at the actual point of sale, consumers have no way of knowing that the Products do not contain actual blueberry. [2] Regardless, because a "blueberry donut" is not an inherently ambiguous food item, *In re Parmesan* would not require a reasonable consumer to consult the ingredients list even if it were available in the stores.

As explained above, Defendant relies on *In re Parmesan*., No. 16 cv 5802, MDL 2705, 2017 WL 3642076 (N.D.Ill., Aug. 24, 2017), to support its argument. Defendant correctly cites the rule in that case:

Where a plaintiff contends that certain aspects of a product's packaging are

---

[1] Even the proposition that Defendant's website discloses the fake nature of the blueberry products is somewhat dubious. The ingredients lists on the website do not explicitly disclose the absence of blueberries, instead a careful reader would have to discern that, for example, "blueberry" flavored bits are in no way made using blueberries.

[2] Contrary to Defendant's argument, Plaintiff is not contending that Dunkin "must display ingredient lists at the point of sale". (Def.'s Mem., Doc. No. 19, p. 6, n. 1.) Rather, Plaintiff is contending that Defendant is not permitted to use a deceptive and inaccurate term in regard to the naming of its Products at the point of sale. Thus, there is no preemption of Plaintiff's claim.

> misleading in isolation, but an ingredient label or other disclaimer would dispel any
> confusion, the crucial issue is whether the misleading content is ambiguous; if so,
> context can cure the ambiguity and defeat the claim, but if not, then context will
> not cure the deception and the claim may proceed.

*Id*. at *5-6.  Plaintiff respectfully submits that *In re Parmesan* is of no help to Defendant but instead sets forth compelling reasons to support Plaintiff's claim, and lends support for Plaintiff's claims.

The first and obvious distinguishing element of *In re Parmesan* is that here, there was no "packaging" at issue.  Instead, the Products were unpackaged and on display in a case in Defendant's store, with placards identifying the individual types of Products.  Further, in *In re Parmesan*, the product's ingredient list was disclosed on its packaging – an element not present here as there was no packaging, and Defendant only disclosed the ingredient list on its website.

In *In re Parmesan*, Judge Feinerman concluded that the meaning of "100% Grated Parmesan Cheese" was susceptible to multiple interpretations and therefore ambiguous.  *Id*. at *6.  Accordingly, Judge Feinerman proceeded to step two and considered whether context would cure the ambiguity and defeat the claim.  *Id*.  The "context" Judge Feinerman considered was the ingredient list which identified non-cheese ingredients.  Because the ingredient list made clear that the product contained something other than parmesan cheese, he dismissed the claims.

Here, there is no ambiguity in the term "Blueberry".[3]  It is a term Defendant specifically used to deceive customers into believing Products contain actual blueberries.  Thus, there is no need to go to second step of the analysis used in *In re Parmesan* and determine if context (here, an ingredient list contained on a website and <u>not</u> at the point of sale) will cure the ambiguity and defeat Plaintiff's claim.  Instead, because there is no ambiguity in the term "Blueberry", the inquiry ends at step one and Plaintiff's claim should survive.  Stated differently, there is no need to

---

[3] Indeed, even Defendant appears to acknowledge that the term "blueberry" is unambiguous: "Even if the use of the word "blueberry" *might* be ambiguous for consumers, any ambiguity is resolved through the full ingredient list available…."  Def.'s Mem., Doc. No. 19, p. 6 (emphasis in original).

examine any "context" such as Defendant's website, because in this case, "context will not cure the deception and the claim may proceed." *Id*. at *5-6.

It is important to point out that unlike in *In re Parmesan,* here there was no "packaging" that provided additional information to customers. The Products were unpackaged and on display in a case in Defendant's store, with placards identifying the individual types of Products. Further, the *In re Parmesan* product's ingredient list was disclosed on its packaging – an element not present here.

Defendant attempts to argue that the case of *Williams v. Gerber Products Company*, 552 F.3d 934 (9th Cir. 2008), supports its motion. However, in *Williams*, the plaintiff brought a class action alleging that the defendants deceptively marketed its fruit juice snack in violation of various state consumer laws. *Williams*, 552 F.3d at 936. The Ninth Circuit found that dismissal of the complaint was not appropriate because there were a number of features of the packaging the defendant used for its fruit juice snacks product which could have likely deceived a reasonable consumer. *Id.* at 936-41. In so ruling, the Ninth Circuit noted that the product was called "fruit juice snacks" and the packaging pictured a number of different fruits, potentially suggesting falsely that those fruits or juices were contained in the product. *Id.* at 936, 939. The Ninth Circuit also found that the statement that fruit juice snacks were made with fruit juice and other all natural ingredients could have been interpreted by consumers as a claim that all the ingredients in the product were natural, which appeared to be false. *Id*. Therefore, the Ninth Circuit ruled that the plaintiffs could have plausibly proved that a reasonable consumer would have been deceived by the snacks' packaging. *Id.* at 940. Similarly, it is likewise plausible here that Plaintiff can prove that a reasonable consumer would have been deceived by the Defendant's marketing of the Products.

Defendant attempts to argue that *Williams v. Gerber Products* also supports its motion by urging the Court to consider "context", and asserting once again that the use of the word "blueberry" was intended to describe the Products' taste and not their ingredients. (Def.s' Mem., Doc. No. 19, p. 7.) As *In re Parmesan* instructs, however, the term "blueberry" is unambiguous and therefore no evaluation of any context is necessary.[4]

Equally important, the reasoning and holding of *Williams* supports Plaintiff's claims, not Defendant's argument. The Ninth Circuit explained:

> We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. The ingredient list on the side of the box appears to comply with the FDA regulations and certainly serves some purpose. ***We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability about the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging***.

*Williams*, 552 F.3d at 939-940 (emphasis added). This logic supports Plaintiff's claims: Defendant has misled consumers via the placards in the display case containing the Products, by naming those Products as "Blueberry" Products. The deception is even more blatant here, as the Products' ingredient lists are not even available via packaging or at the point of sale, but instead are in an entirely separate location – Defendant's website. Thus, this Court should reach the same decision as the Court in *Williams*, and allow Plaintiff's claims to stand.

Similarly, *Ibarrola v. Kind, LLC* is distinguishable because that case did not involve the deceptive naming of the actual product at issue. *See id*., 83 F.Supp. 3d 751 (N.D.Ill. 2015). Instead, the issue there was whether the packaging's claim that the product contained "no refined

---

[4] As Defendant notes, one element of context in *In re Parmesan* was that the products there had "shelf-stability". Here, Defendant markets the Products as being made fresh daily, thus undercutting any argument that Plaintiff would have reason to believe actual blueberries were not used in the Products.

sugars" was misleading. *Id.* at 753-54. Here, as explained above, there is no packaging involved regarding the Products. Instead, the actual name Defendant used to identify the Products led Plaintiff and other consumers to believe the Products contained actual blueberries.

In addition, the court in *Ibarrola* held that no reasonable consumer would believe that the sugar cane used in the products at issue there was in its natural, completely unrefined state, given that sugar cane in its natural state is a grass resembling bamboo. *Id.* at 757-59. Here, it is and was completely reasonable for Plaintiff to believe that the Products contain actual blueberries.

### B.      Plaintiff Has Properly Pled Fraud Under Fed. R. Civ. P. 9

Defendant next asserts that Plaintiff's claims fail because he does not satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standard. Defendant argues that Plaintiff does not allege the facts regarding when he learned of Defendant's misrepresentations about the Blueberry Products. Defendant is attempting to hold Plaintiff to a standard that does not exist. The appropriate inquiry should be focused on whether Plaintiff has alleged facts to support his claim that Defendant's labeling of its Products was and is deceptive. Plaintiff has met the heightened pleading standard in that regard, as the "who, what, where, when, how" are articulated in the Complaint. *Ulrich v. Probalance, Inc.*, 16-CV-10488 (N.D.Ill. Aug. 18, 2017) (Alonso, J.) (quoting *Bank of Am., Nat. Ass'n, v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)).

The "who" at issue here is Defendant, Dunkin' Brands, Inc., the manufacturer, marketer, and seller of the deceptive Products at issue. (Compl., ¶¶ 1-2, 10.) The "what" are Defendant's deceptive Products that do not contain actual blueberries. (*Id*. at ¶¶ 3, 11-12, 15-18.) The "when" is the applicable statute of limitations for each of Plaintiff's causes of action – *i.e*., three or five years prior to the filing of the Complaint. (*Id*. at ¶ 29). The "where" is Illinois – *i.e*., the location where the deceptive practices affecting Plaintiff and others similarly situated occurred. (*Id.* at ¶¶

9, 29). Finally, the "how" is the basis of Plaintiff's Complaint – that Defendant misrepresented the content of the Products by naming them "Blueberry" items, and deceived the reasonable consumer into believing that the Products contain actual blueberries. (*Id*. at ¶¶ 1-4, 11-12, 15-27). More specifically, and as Plaintiff has alleged, Defendant sells the Blueberry Products in-store in display trays on a wall behind the counter, along with a small placard in front of each tray that provides the name of the donut variety. (*Id*. at ¶¶ 12, 22). Due to the displays, the Products appear as if they contain blueberry, but they do not. (*Id*. at ¶ 3, 15-16, 22). Further, Defendant does not use any descriptive labeling to distinguish the Blueberry Products that do not contain actual blueberry and those products that Defendant sells that do contain actual blueberry, such as the Blueberry Muffin. (*Id*. at ¶¶ 12, 22-23). Plaintiff and the putative class members relied on Defendant's deceptive misrepresentations when purchasing the Products. (*Id*. at 19-22, 24.) Collectively, these allegations demonstrate that Plaintiff has pled his ICFA claims with the particularity required under Fed. R. Civ. P. 9(b). *See, e.g.*, *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 U.S. Dist. LEXIS 57348 at *15-16 (N.D.Cal., May 26, 2011).

### C. Plaintiff Has Sufficiently Alleged Economic Harm

Defendant next argues that Plaintiff's entire claim must be dismissed because Plaintiff purportedly seeks as damages the full amount he and the putative class paid for the Products at issue. (Def.'s Mem., Doc. No. 19, p. 9). Defendant's argument fails, as it misquotes the pertinent allegation in Plaintiff's Complaint. Paragraph 56 of the Complaint states that Plaintiff and the putative class members have suffered damages "including but not limited to the amounts paid for the Blueberry Products, … *all in an amount to be proven at trial*". (Compl., ¶ 56) (emphasis added). In addition, Plaintiff's prayer for relief requests an award of "all compensatory and punitive damages … *in amounts to be determined by the Court and/or Jury*". (*Id*. at p. 19, ¶ (d)

(emphasis added). These allegations demonstrate that Plaintiff fully acknowledges that he and the putative class members may be awarded damages in an amount less than the full purchase price they paid for the Products.

Thus, Defendant has conflated an allegation regarding the potential damages Plaintiff and the putative class members suffered with the actual amount of damages Plaintiff has requested in his Complaint. Defendant also has entirely ignored Plaintiff's acknowledgment and request that the actual amount of damages at issue must be proven at trial and determined by the Court or Jury. Accordingly, there is no reason to dismiss Plaintiff's entire Complaint based on a misquoted allegation. Moreover, the cases Defendant cites in support of its argument are distinguishable as they were decided much later in the litigation process, and do not support dismissal of the Complaint at this early stage. *See, e.g., In re POM Wonderful LLC,* No. ML 10-2199, 2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) (granting motion to decertify class after significant discovery, including expert discovery on damages); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. Sept. 30, 2016) (granting motion to decertify class); *FTC v. Security Rare Coin & Bullion Corp.*, 931 F. 2nd 1312, 1316 (8th Cir. 1991) (affirming district's court judgment order of equitable and monetary relief awarded).

Defendant also takes issue that Plaintiff did not allege the exact amount of the premium he paid for the Products. Alleging with exact precision the amount of damages a plaintiff claims to have suffered is not required at the pleading stage. Plaintiff has satisfied his obligation regarding damages suffered by alleging that he and the putative class members paid a price in excess of what they would have paid had they known the Products did not contain actual blueberry. (Compl., ¶¶ 9, 25). Plaintiff has also alleged that, alternatively, he and the putative class members would not have purchased the Products if they had known the Products did not contain blueberry. (*Id*.).

These allegations sufficiently put Defendant on notice regarding Plaintiff's damages claims. *See Aliano v. Louisville Distilling Co., LLC,* 115 F.Supp.3d 921, 931 (N.D. Ill. 2015) (holding that plaintiffs stated ICFA claim because they alleged that they paid more for defendant's whiskey than it was worth); *Biffar*, 2016 WL 7429130 (holding that plaintiff adequately pled damages where she alleged that she paid a premium price for muffin mix that falsely stated it did not contain any artificial ingredients).

Defendant cites *Sabo v. Wellpet, LLC* in support of its motion to dismiss. However, Judge Bucklo dismissed the complaint in Sabo because the plaintiff did "not allege that he would have bought defendant's pet food products had he known they contained foreign-sourced vitamins." Sabo, 2017 U.S. Dist. Lexis 61114 at *8 (N.D. Ill. Apr. 21, 2017). Here, Plaintiff specifically alleges that "Had Plaintiff and other consumers known that the Products did not contain blueberries, they would not have purchased the Blueberry Product or would have paid significantly less for the products." (Compl., ¶¶ 4, 9, 26, 48, 55, 63, 71, 80).

Defendant also cites *Camasta v. Jos. A. Bank Clothiers, Inc.* in support of its motion. However, in *Camasta*, the claim at issue was that the defendant advertised "sales prices" for clothes that were in fact just the normal or regular retail prices being promoted as temporary price reduction. *Id.*, 761 F.3d 732, 739 (7th Cir. 2014). *Camasta* did not involve food products with ingredients other than those marketed and advertised to the consumer. Moreover, as the Court explained in *Camasta*, the plaintiff "did not claim … that he did not receive the shirts he selected. He did not claim that there was anything about the shirts themselves that made them defective or caused him to change his opinion about their value." *Id.* at 735. Here, Plaintiff's entire claim is based on the undisputed fact that the Products at issue did not contain actual blueberries. Unlike in *Camasta*, Plaintiff here did not receive the Product he thought he selected, and the fact that the

Product did not contain actual blueberry caused him to change his opinion about the value of the Product and view it as "worth less than what [he] actually paid". *Id*. at 740. Thus, Plaintiff here has sufficiently alleged actual damages.

### D. Plaintiff Has Standing to Pursue Injunctive Relief

Defendant next argues that Plaintiff does not have standing to seek injunctive relief. However, Defendant's argument seeks to unfairly bar Plaintiff from seeking injunctive relief simply because he discovered Defendant's deceptive, unlawful and wrongful conduct. More importantly, Defendant's reasoning is flawed, not only because Plaintiff has adequately alleged the threat of future injury, but also because Defendant's rationale is inconsistent with the intent of the Illinois legislature in creating consumer protection statutes.

Plaintiff has adequately alleged the threat of future injury. Plaintiff's Complaint alleges Defendant's conduct misled Plaintiff into believing that he was receiving a Product that contained actual blueberry. (Compl., ¶¶ 2-4, 15-26.) Plaintiff has averred that he "would likely purchase the Blueberry Products in the future if they were reformulated to include the premium characterizing ingredients." (*Id*. at ¶ 28.) Accordingly, the threat of future injury to Plaintiff will continue, as he would be open to buy Defendant's Products if correctly and truthfully formulated and advertised.

In addition, injunctive relief is expressly authorized under Section 10a(c) of the ICFA. 815 ILCS § 505/10a(c) ("[I]n any action brought by a person under this Section, the Court may grant injunctive relief where appropriate[.]"). Defendant essentially argues that because Plaintiff is now aware that the Products do not contain actual blueberry, he is unlikely to purchase the Products and be harmed again. Courts in this district have rejected this argument:

> the *Camasta* court merely repeated the well-accepted rule that the standing inquiry for the purpose of injunctive relief is probabilistic, *i.e.*, is there "likelihood" that some harm will be suffered by the plaintiff in the future? Interpreting the *Camasta* court's dicta to instead announce a broad rule that strips a prospective

14

> plaintiff of standing to seek an injunction solely because they are aware of a past wrong overreads that court's language and leads to anomalous results. For example, just because someone is aware that the police have acted brutally in the past does not automatically deprive that person of standing to enjoin brutal police activity so long as they can show such brutality is likely to harm him/her in the future.

*Muir v. NBTY, Inc.*, No. 15-cv-9835 (N.D.Ill. Sept. 22, 2016) (Pallmeyer, J.) (quoting *Le v. Kohls Dep't Stores, Inc.,* 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016)). Thus, given Plaintiff's allegations (set forth above), and at this stage in the proceedings, Plaintiff has standing to seek injunctive relief. *See, e.g., Le,* 160 F. Supp. 3d at 1111 (denying motion to dismiss a claim for injunctive relief on standing grounds).

### E. Each of Plaintiff's Individual Claims Are Properly Pled

Defendant next argues that each of Plaintiff's specific claims fail for various reasons. All of Defendant's arguments are without merit and will be addressed in turn.

### 1. Plaintiff Has Properly Pled His ICFA and Common Law Fraud Claims

Defendant asserts that Plaintiff has not sufficiently pled his ICFA and common law fraud claims. *See* Def's Mem., Secs. C.1, C.2, pp. 13-14. Defendant argues that Plaintiff has not alleged with sufficient specificity that Defendant's misrepresentations would deceive a reasonable consumer and that Plaintiff has not sufficiently pled his claim for damages. Both arguments fail. As explained in detail in Sections A and B, *supra*, Plaintiff has properly alleged facts to support his ICFA claims, and the argument set forth there applies to Plaintiff's common law fraud claim as well. Plaintiff has alleged in detail that Defendant's use of the unambiguous term "blueberry" on its placards has deceived reasonable consumers into believing that the Products at issue contained actual blueberry. These allegations sufficiently state a claim under ICFA and for common law fraud.

Likewise, Plaintiff has sufficiently pled his claim for damages, as explained in Section C,

*supra*.  Plaintiff has alleged that because of Defendant's deceptive conduct he and the putative class members paid a premium for the Products or, alternatively, they would not have purchased the products had they known of Defendant's misrepresentations.  These allegations are sufficient to survive Defendant's motion to dismiss.  *See Aliano* 115 F.Supp.3d at 931; *Biffar*, 2016 WL 7429130.

2.  Plaintiff Has Properly Pled His Intentional and
Negligent Misrepresentation Claims

Defendant cites *Trudeau v. Lanoue* in support of its argument that a plaintiff pursuing intentional and negligent misrepresentation claims is barred from recovering under both tort and negligence theories pursuant to the Moorman Doctrine.  Defendant then cites two of the three exceptions to the Moorman Doctrine (*i.e.*, Defendant cites physical injury to a person or harm to a property and situations in which a defendant supplies business information for the guidance of others in their business transactions).  However, there is a third exception to the Moorman Doctrine that Defendant omits and which is extremely relevant to this motion: "economic loss is recoverable 'where one intentionally makes false representations.'" *Clay Financial LLC v. Mandell*, 16-cv-11571 (N.D.Ill. Aug. 18, 2017) (Kendall, J.) (quoting *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443, 449 (Ill. 1982); *Rankow v. First Chicago Corp.*, 870 F.2d 356, 362. This is exactly what Plaintiff alleges in the instant case – that Defendant acted willfully and intentionally in representing that the Blueberry Products contained blueberry when they in fact did not contain any blueberries.  (*See e.g.*, Compl., ¶¶ 51, 80).

Defendant also argues that Plaintiff has not sufficiently pled deceptive statements or damages under his misrepresentation claims.  As argued in detail above, Plaintiff has adequately pled both such elements of his claims.  The deceptive statements include the use of the unambiguous term "blueberry" on the placards of the Blueberry Products at the point of sale.  And

16

Plaintiff has sufficiently alleged that he suffered damages in the amount of the premium he and other consumers paid for the Products. Plaintiff's misrepresentation claims should stand.

3.      Plaintiff Has Properly Pled His Breach of Contract Claim

Next, Defendant asserts that Plaintiff did not adequately allege that Defendant intended to enter into a contract under which it was obligated to sell customers Blueberry Products containing actual blueberries. (Def's Mem., Doc. No. 19, p. 16). Defendant's argument if accepted would turn the purpose of consumer fraud statutes on their head. Defendant essentially is arguing that although it offered Products that it named using the misleading and deceptive term "blueberry", no contract can be formed because Defendant never intended to provide products containing actual blueberry to consumers. Stated differently, Defendant argues that no contract can be formed due to the exact deceptive conduct alleged in Plaintiff's Complaint. Defendant's argument must fail. Plaintiff has adequately alleged all of the elements of his contract claim: Defendant offered the Blueberry Products for sale; Plaintiff and the putative class members purchased the Products; Defendant breached the contract by not using actual blueberries in the Products; and Plaintiff and the putative class members suffered damages because they paid a premium price but received an inferior product that did not contain actual blueberry, despite Defendant's representations and naming of the Products as "Blueberry" Products. Plaintiff's breach of contract claim should stand.

Defendant also repeats its argument that that Plaintiff has not sufficiently alleged the damages element of his breach of contract claim. As explained above in Section C, Plaintiff has adequately alleged damages.

4.      Plaintiff Has Properly Pled His Unjust Enrichment Claim

Finally, Defendant offers various reasons why Plaintiff's claims for quasi-contract, unjust enrichment or restitution must be dismissed. Each argument is without merit.

Defendant first asserts that Plaintiff lacks standing to seek equitable relief. This argument fails for the reasons set forth in Section D, *supra*.

Defendant next argues that to the extent the Court dismisses Plaintiff's ICFA claim, it must also dismiss his unjust enrichment claim. For the reasons set forth above, Plaintiff's ICFA claim is well pled and should withstand Defendant's motion to dismiss. It follows that the unjust enrichment claim also survives. *See Ulrich*, ("As the Court has explained above …, plaintiff's consumer fraud claim survives Probalance's motion to dismiss, so the unjust enrichment claim also survives.").

Additionally, under Illinois law a claim of unjust enrichment may be an independent cause of action: "[t]he Illinois Supreme Court has repeatedly described unjust enrichment claims as independent claims." *McMahon v. Bumble Bee Foods LLC*, 148 F. Supp. 3d 708, 715 (N.D. Ill. 2015). Plaintiff has adequately pled each element of his unjust enrichment claim, and it should stand. Contrary to Defendant's assertions, Plaintiff has adequately alleged that Defendant "unjustly retained a benefit". Plaintiff has alleged that he and other consumers paid an improper premium for the Products. (Compl., ¶¶ 9, 26.) It is undisputed that Defendant has retained that premium, to its benefit. Defendant also asserts that Plaintiff's claim is inadequately pled because Plaintiff has not sufficiently alleged that Defendant's conduct violates "justice, equity, and good conscience". (Def.'s Mem., Doc. No. 19, p. 18.) Although Plaintiff may not have used that exact phrase in his Complaint, certainly the numerous allegations that Defendant engaged in fraudulent and deceptive conduct (all of which are incorporated by reference into Plaintiff's unjust enrichment claim) are sufficient to satisfy that element of his unjust enrichment claim. Plaintiff's claim should stand.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss in its entirety.

Respectfully submitted,

/s/ James X. Bormes
One of Plaintiff's attorneys


James X. Bormes                    Thomas M. Ryan
Catherine P. Sons                  Law Office of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.   35 East Wacker Drive
8 South Michigan Avenue            Suite 650
Suite 2600                         Chicago, Illinois 60601
Chicago, Illinois 60603            (312) 726-3400
(312) 201-0575

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on October 19, 2017, he caused the foregoing Response to Defendant's Motion to Dismiss to be filed via the CM/ECF filing system, which will send notification of such filing to all counsel of record.


/s/ James X. Bormes
Attorney for Plaintiff