IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARTOSZ GRABOWSKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 17 C 5069 |
| | ) |
| **DUNKIN' BRANDS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Dunkin' Brands, Inc.'s (Dunkin) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

### BACKGROUND

Plaintiff Bartosz Grabowski (Grabowski) claims that consumers have been deceived by Dunkin into believing that some of its products contain real blueberries. Dunkin allegedly offers products for sale and placards with the names of the products containing the word "blueberry." Such products, however, allegedly contain no actual blueberries and instead contain fake blueberries or blueberry pieces that mimic the color and shape of blueberries. Such products are also allegedly offered for sale

1

side by side with products that do actually contain blueberries. Grabowski allegedly purchased a Blueberry Glazed donut (Donut) incorrectly believing that it contained real blueberries. Grabowski includes in his complaint a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.* (Count I), a common law fraud claim (Count II), an intentional misrepresentation claim (Count III), a negligent misrepresentation claim (Count IV), a breach of contract claim (Count V), and an unjust enrichment claim (Count VI). Dunkin moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive

a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  ICFA Claim

Dunkin argues that Grabowski has failed to plead sufficient facts to state a valid ICFA claim.  A plaintiff bringing an ICFA claim must establish: "(1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception."  *Geschke v. Air Force Ass'n*, 425 F.3d 337, 345 (7th Cir. 2005).

Dunkin argues that a reasonable consumer would assume the word "blueberry" to mean only "blueberry flavored."  Dunkin asks the court to apply a "common sense standard" as to what a reasonable consumer would understand. (Reply 3).  Based on the pleadings, a reasonable consumer could in fact conclude that a product identified with the word "blueberry" contained blueberries.  Contrary

to Dunkin's arguments, common sense does not dictate that a reasonable consumer would conclude under all circumstances only that the use of the term "blueberry" in the product name meant that the product was a blueberry flavored product. The pleadings allege that Dunkin itself uses the word "blueberry" to indicate to consumers that some of its products contain actual blueberries.

Dunkin also contends that no reasonable consumer would assume that the use of the word "blueberry" was intended to represent that the product had any health benefits such as those obtained from antioxidants found in blueberries. Grabowski does make reference in his complaint to the health benefits found in blueberries. (Compl. Par. 13). However, whether or not Grabowski was concerned with the health benefits of blueberries, a claim of deception can rest on the fact that Grabowski claims he wanted a product with blueberries in it and he was allegedly deceived into believing that the Donut had real blueberries in it.

Nor does Grabowski's claim of deception rest upon the mere use of the word "blueberry." Grabowski further alleges that the Donut in question contained fake blueberries, made in the same color and shape as real blueberries. (Compl. Par. 2). In addition, Grabowski alleges that products that do contain real blueberries are sold side by side with products that contain the fake blueberries, which could further add to consumer confusion. Such allegations add further detail to support the alleged deception by Dunkin.

Dunkin cites to *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 2017 WL 3642076, at *2 (N.D. Ill. 2017) in support of its motion to dismiss.

*Parmesan*, however, did not involve facts that are comparable to the instant action. In *Parmesan*, the plaintiffs were complaining about prominent written statements on product containers indicating that the products contained only grated parmesan cheese. *Id.* at *1. At issue before the court was the prominence of certain written information on the product containers such as the list of ingredients, and whether the information was presented in a manner that would cause consumer confusion. *Id.* at *5-6. In the instant action, Grabowski has not based his claims on the prominence of any written statement at the point of sale or on any product container. Grabowski in fact alleges that no ingredient list is available at the point of sale. (Compl. Par. 22). The court in *Parmesan* addressed a situation where "certain aspects of a product's packaging are misleading in isolation . . ." *Id.* at *5. This case however, does not involve product packaging much less a focus on one aspect of a product packaging in isolation.

Dunkin also cites *Parmesan* for the premise that the court can resolve the ICFA claim at the motion to dismiss stage. The court in *Parmesan* stated that "[a]lthough a marketing practice's deceptiveness is often a question of fact inappropriate for resolution at the pleading stage, . . . the primary evidence in a false advertising case is the advertising itself" and in certain instances the issue could be resolved as a matter of law at the pleadings stage. *Id.* (internal quotations omitted)(quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). However, in the instant action, the claim does not involve product packaging and involves more than a label on a product container that can be depicted in an exhibit.

The circumstances surrounding Dunkin's product display, including facts such as the proximity of products with real blueberries to those with fake blueberries could possibly be relevant. Such determinations cannot be made based on pleadings and isolated pictures of certain products on shelves.

Dunkin argues that separate and apart from the purchase of its products and any display at its point of sale, a consumer is free to visit Dunkin's website to learn the ingredients of its products. No such facts or issues were before the court in *Parmesan*. In addition, although Dunkin claims that the information on its website is "provided" to consumers on its website, there are no allegations in the pleadings that any information from the website is affirmatively "provided" to consumers or that when purchasing products consumers are advised that they can visit the website for certain information. Dunkin argues that the information is made available to interested consumers on the website. That is not the same as information that is provided to each consumer as it is when information is listed on the packaging on the container that necessarily accompanies the product.

Dunkin cites *Trujillo v. Apple Computer, Inc.*, 581 F. Supp. 2d 935 (N.D. Ill. 2008) for the proposition that "[i]f other information disclosed or available to the consumer dispels any tendency to deceive, there is no deception." *Id.* at 938. However, again unlike the instant action, *Trujillo* involved deceptive packaging. *Id.* at 937-38. The additional information to consumers in *Trujillo* was information included on the package, and information made available on a website. *Id.* at 938. The court in *Trujillo* relied upon *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934 (7th

Cir. 2001). In *Bober*, the court did consider information made available on the defendant's website. *Id.* at 939. However, the court in *Bober*, in concluding that no misrepresentation occurred, made such a finding "[i]n the context of all the information available," including information provided to consumers on the product packaging. *Id.*

Dunkin's arguments relating to its website are also premature because evidence regarding Dunkin's website is not before the court and is beyond the pleadings. The mere fact that the website is referenced in the complaint and a few screen shots from the website are attached to the complaint as an exhibit does not mean that all information regarding the website and its inner-workings has become part of the pleadings.

Dunkin also cites to *Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008) in support of its motion. *Williams* is not controlling precedent. Nor does it involve comparable facts. In *Williams*, the plaintiffs were complaining about the product packaging which included the term "fruit juice" and images of fruit, but did not contain actual fruit juice from the depicted fruit. *Id.* at 936. The instant action does not involve product packaging. Also, unlike in *Williams*, the instant action involves different products that were offered side by side with similar labels. In addition, in the instant action, Grabowski contends that Dunkin created fake blueberries to deceive consumers. A comparable factual scenario in *Williams* would have been if the defendant had inserted into its juice some artificial substance intended to resemble the fruit depicted on the product packaging. No such facts were

7

presented in *Williams*.

Dunkin also argues that Grabowski has not pled the ICFA claim with particularity. A plaintiff bringing an ICFA claim alleging deceptive conduct must plead the claim with particularity in accordance with Federal Rule of Civil Procedure 9(b) (Rule 9(b)) and "allege the who, what, where, and when of the alleged fraud . . . ." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014)(explaining that "[w]hile [the Court] allow[s] [the plaintiff] some flexibility in the factual support required for his claim, a plaintiff alleging fraud does not have unlimited leeway in satisfying the particularity requirement of Rule 9(b) when the circumstances are pleaded solely on information and belief")(internal quotations omitted). Grabowski has specifically alleged that on December 10, 2016, he purchased a Glazed Blueberry donut from a store located at 1231 South Wabash in Chicago. (Compl. Par. 9, 11-12). Grabowski further explains the nature of the alleged deception in allegedly being tricked into believing that he was purchasing a donut with real blueberries in it. Dunkin incorrectly asserts that Grabowski must allege when and where he learned that he had been duped by Dunkin. The when and where requirement for pleading with particularity requires information as to when and where the fraud occurred, not when it was discovered. Dunkin argues that Grabowski must allege when he learned of the alleged deception because if he learned of the alleged deception prior to purchasing the Donut and purchased the Donut for the purpose of bringing litigation, that would undermine his ICFA claim. Dunkin, however, in making such an argument ignores the allegations in the

8

complaint. Grabowski specifically alleges that on December 10, 2016, relying upon the representations made by Dunkin on its sale placards, he believed that the Donut contained real blueberries. (Compl. Par. 9). Grabowski further alleges that he later learned that the Donut did not in fact contain real blueberries. (Compl. Par. 9). Dunkin cannot challenge the veracity of allegations at the pleadings stage. Grabowski has provided all the necessary facts that adequately explain the nature of the deception in this matter and has pled his ICFA claim with particularity. Therefore, the motion to dismiss the ICFA claim is denied.

II. Fraud, Unjust Enrichment, and Misrepresentation Claims

Dunkin argues that the fraud and unjust enrichment claims fail for the same reasons as the ICFA claim. Since the ICFA claim remains, the fraud and unjust enrichment claims remain as well. Grabowski has pled sufficient facts to state valid fraud and unjust enrichment claims. In regard to the intentional and negligent misrepresentation claim, Grabowski's allegations indicate that Dunkin intentionally and willfully, or negligently made misrepresentations. (Compl. Par. 61-63, 69). Grabowski has also alleged facts to make such a conclusion plausible. Grabowski is not required to collect all the necessary evidence to support his position prior to filing his complaint. Dunkin also argues that the misrepresentation claims are barred by the economic loss doctrine, but Grabowski's misrepresentation claims fall within an exception to the economic loss doctrine. *See Clay Fin. LLC v. Mandell*, 2017 WL 3581142, at *4 (N.D. Ill. 2017)(explaining that an exception to the economic loss

doctrine is where there is an intentional false representation). Therefore, the motion to dismiss the fraud, unjust enrichment, and misrepresentation claims is denied.

III. Breach of Contract Claim

Dunkin argues that Grabowski has failed to state a valid breach of contract claim. Under the federal pleading standard, Grabowski has presented allegations indicating that there was an offer of a product with blueberries in it, an acceptance of that offer, and an exchange of consideration. Grabowski further alleges facts that indicate that the product was defective, indicating that Dunkin breached its obligations under the implied contract. The determination of the intent of the parties and whether an actual implied contract was in fact formed is a determination beyond the pleadings. Likewise, Dunkin's assertions as to its contractual relations with its franchisees that Dunkin contends relieves it from contractual liability involves facts beyond the pleadings. At the summary judgment stage, Grabowski will need to point to sufficient evidence to support his breach of contract claim. Therefore, the motion to dismiss the breach of contract claim is denied. The court also notes that the breach of contract claim and the unjust enrichment claims would be alternative theories of relief in this matter.

IV. Cognizable Harm

Dunkin argues that Grabowski has not alleged facts that suggest he suffered any cognizable harm. Dunkin points out that Grabowski alleges that he would not

have purchased the Donut if he had known that it did not contain real blueberries and that Grabowski is seeking to be compensated for the amount paid for the Donut. Dunkin argues that the Donut necessarily had some value and that, unless Grabowski could show that the Donut was worthless, to allow Grabowski to consume the product and get a full refund would result in a windfall to Grabowski and to other consumers that might be joined in a class in this case. Dunkin's arguments, however, relate to the amount of damages that should be awarded in this action. Such arguments do not support a notion that Grabowski lacks any cognizable harm to support a claim in this case. It is premature at the pleadings stage to challenge Grabowski's calculation of damages. Grabowski alleges that he wanted a donut with real blueberries and he did not receive such a product. The dollar amount in damages he suffered, if any, as a result has yet to be determined in this matter. Dunkin also argues that it is shielded from any harm caused to Grabowski by franchise agreements and that franchisees would be responsible for any economic harm caused to Grabowski. Such matters, however, are again beyond the pleadings and are premature to address at this juncture. Grabowski has alleged facts plausibly suggesting a potential economic harm to himself that can support his claims in this case.

V. Standing to Pursue Injunctive Relief

Dunkin argues that Grabowski lacks standing to pursue injunctive relief. In order to have standing to pursue injunctive relief a plaintiff must show that there is

"evidence of a 'real and immediate'—and not just a 'conjectural or hypothetical'—threat of a future violation of their rights." *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016)(quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  In the instant action, Grabowski alleges that he is now aware of the alleged deception by Dunkin.  Grabowski alleges that he now knows that the Blueberry Glazed Donut does not contain real blueberries.  Thus, based on the pleadings there is no indication of a future threat of harm to Grabowski.  Therefore, Dunkin's motion to dismiss the request for injunctive relief is granted.

## CONCLUSION

Based on the foregoing analysis, Dunkin's motion to dismiss the request for injunctive relief is granted, and the remainder of Dunkin's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   December 7, 2017